WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| S. Jay Matsumaru,         ) | No. cv-07-00206-PHX-ROS |
|          )  |  |
| Plaintiff,       ) | **ORDER** |
|          ) |  |
| vs.         ) |  |
|          ) |  |
| Suguru Sato, et al.,       ) |  |
|          ) |  |
| Defendants.       ) |  |
|          ) |  |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Filed on May 13th (Doc. 44). Plaintiff contests a May 13, 2008 (Doc. 43) Order of the Court which ordered Plaintiff to pay Defendants $19,295 in attorneys' fees. An earlier motion, dated March 31, 2008 (Doc. 41), found Defendants entitled to sanctions under Rule 11. Plaintiff cites Ninth Circuit caselaw holding that

> Rule 11 provides that sanctions may include 'an order to pay a penalty into court, or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.' Thus, if the present sanctions payable to [a party] are considered to be sanctions imposed upon the court's initiative, they are unauthorized.

Barber v. Miller, 146 F.3d 707 (1998) (internal citations omitted). Despite this, however, the Court's May 13th Order awarded attorneys' fees under Rule 11, writing "[u]nder Rule 11(c)(1)(B), the Court may impose sanctions on its own initiative after the complaint is dismissed." It found that "Matsumaru's conduct in continuing to pursue the lawsuit after

gaining knowledge that the lawsuit was frivolous warrants the imposition of Rule 11 sanctions," and then awarded "all reasonable attorneys' fees incurred after the filing of the motion to dismiss to the present."

Under the District of Arizona's local rules, a Motion for Reconsideration shall ordinarily be granted with a showing of "manifest error." Plaintiff has made such a showing. L.R. 7.2(g). Accordingly, the Court's order granting attorneys' fees was invalid and must be vacated.

It is worth considering that this Court is not without power to award attorneys' fees of its own initiative for conduct it deems reckless or in bad faith.

> The inherent powers of federal courts are those which are necessary to the exercise of all others. The most prominent of these is the contempt sanction, which a judge must have an exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court. Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion. There are ample grounds for recognizing, however, that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel.

Roadway Express v. Piper, 447 U.S. 752, 765 (1980). It is "preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system," however "courts may rely upon their inherent powers to sanction bad faith conduct even where such statutes and rules are in place." F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128 (9th Cir. 2001). "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." Roadway Express, 447 U.S. at 767. Such notice and opportunity was provided here as the Court held a Show Cause hearing and provided opportunity for briefing on the issue. That the particular sanctions imposed by the Court were improper under Rule 11 does not change that the notice and hearing were also provided for purposes of considering sanctions under the Court's inherent power.

However, courts must exercise particular "restraint and discretion" in exercising their inherent power because such powers "are shielded from direct democratic controls." Id. at 764. Sanctions under the court's inherent power must be accompanied by "[a] specific

1  finding of bad faith." Zambrano v. Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989); see also
2  McCave v. Arave, 827 F.2d 634, 640 (noting that before imposing sanctions "by exercising
3  its inherent power, the district court would "have to make a finding of bad faith."). In its
4  March 31 Order, the Court cited Roadway Express for the proposition that a Court may
5  impose sanctions under Rule 11 on its own initiative when a party "has acted in bad faith,
6  vexatiously, wantonly, or for oppressive reasons." 447 U.S. at 766. The Court then found
7  Matsumaru's filings "frivolous," and noted that these actions were "especially egregious
8  considering that Matsumaru[, a pro-se litigant,] is a licensed attorney." This, however, falls
9  short of making a specific finding of bad faith. To make such a finding long after the
10 hearing, not having asked specifically for briefing on the issue, would not fall within the
11 spirit of the "restraint and discretion" required for such an exercise. The Court can, however,
12 schedule a new Show Cause hearing to consider whether sanctions under the Court's inherent
13 power should be granted.

14 Defendant suggests that the Court could also award attorneys' fees under the fee
15 shifting provision of the Settlement Agreement. However, this Court has already found that
16 attorneys' fees should not be awarded pursuant to that Settlement Agreement (Doc. 37).
17 Defendant has *not* filed for reconsideration of this decision, nor does there appear to be cause
18 to grant it. The Court, thus, will not reconsider its decision on this matter and has no reason
19 to do so.

20 Accordingly,

21 **IT IS ORDERED** Plaintiff's Motion for Reconsideration is **GRANTED.** The
22 Court's May 13th Order (Doc. 43) shall be vacated and no attorneys' fees assessed.

23 **IT IS FURTHER ORDERED** a Show Cause hearing will be set for January 29, 2009
24 at 10:00 A.M. to determine whether sanctions should be granted under the Court's inherent
25 power.

1
2         DATED this 17th day of December, 2008.
3
4
5
6                                            _____
                                             Roslyn O. Silver
7                                            United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -